

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Brien McMahon Federal Building*                    *(203) 696-3000*

*915 Lafayette Boulevard, Room 309*          *Fax (203) 579-5575*
*Bridgeport, Connecticut 06604*          *www.usdoj.gov/usao/ct*

March 9, 2007

David J. Goldstein, Esq.
888 Grand Concourse
Bronx, NY 10451

> **Re:** **United States v. Jose Cosme, et al.**
> **Criminal No. 3:01CR224(AWT)**
>
> **United States v. Bermudez, et al.**
> **Criminal No. 3:02CR61(AWT)**
>
> **United States v. Torres, et al.**
> **Criminal No. 3:02CR62(AWT)**

Dear Mr. Goldstein:

This letter confirms the plea agreement entered into between your client, Fausto Candelario, aka "Jose Cosme," (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matters.

## THE PLEAS AND OFFENSES

Defendant agrees to plead guilty to:

Count One of the Superseding Indictment in 3:01CR224, charging him with conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, a Schedule II Controlled Substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), in violation of 21 U.S.C. § 846;

Count One of the Indictment in 3:02CR61, charging him with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, a Schedule II Controlled Substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846; and Count Two of the Indictment in 3:02CR61, charging him with possession with intent to distribute 5 kilograms or more of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii); and

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 2*

Count One of the Indictment in 3:02CR62, charging him with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, a Schedule II Controlled Substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846.

Defendant understands that to be guilty of the charged conspiracy offenses, the following elements must be satisfied:

1.    At some time within the dates set forth in the Indictments, there existed an agreement between two or more persons to possess with intent to distribute and to distribute cocaine; and

2.    During the existence of that agreement, the defendant knowingly, willfully and voluntarily became a participant in, or a member of, the agreement, and did so with the intention of furthering an objective of the conspiracy.

The defendant also understands that to be guilty of the charged possessory offense, the following elements must be satisfied:

1.    On or about the date set forth in the Indictment, the defendant knowingly and willingly possessed a controlled substance; and

2.    At the time of the possession, the defendant intended to distribute or participate in the distribution of the controlled substance.

In addition, in accordance with case law, the Government would also need to establish that the quantity involved in Count One of the 3:01CR224 case was in excess of 500 grams of cocaine for the threshold for 21 U.S.C. § 841(b)(1)(B) to apply; and that the quantity involved in each of Counts One and Two of the 3:02CR61 case and Count One of the 3:02CR62 case was in excess of 5 kilograms of cocaine for the threshold for 21 U.S.C. § 841(b)(1)(A) to apply.

## THE PENALTIES

If convicted of any of the offenses he is charged with in the 3:02CR61 or 62 cases, the defendant faces on each a maximum penalty of life imprisonment, a mandatory minimum 10-year term of incarceration, and a $4,000,000 fine.  Moreover, any sentence of incarceration imposed on any of these offenses must also include on each a term of supervised release of at least five years and as much as life, to begin at the expiration of any term of imprisonment imposed.  The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to the period of the supervised release with no credit for the time already spent on supervised release, which may be up to 5 years.

If convicted of the offense he is charged with in the 3:02CR224 case, the defendant faces

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 3*

a maximum penalty of 40 years of imprisonment, a mandatory minimum 5-year term of incarceration, and a $2,000,000 fine. Moreover, any sentence of incarceration must also include a term of supervised release of at least four years and as much as life, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to the period of the supervised release with no credit for the time already spent on supervised release, which may be up to 3 years.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

       i.     <u>Applicability</u>

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than as he anticipated.

       ii    <u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 4*

§ 3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.  This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement.  In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty.  The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of any release.  Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty.  The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### iii.  <u>Factual Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation as follows:   that the Guidelines equivalent of at least 5 kilograms but less than 15 kilograms of cocaine was reasonably foreseeable to the defendant as a result of his participation in each of the offenses charged in Counts One and Two of the indictment in 3:02CR61 and Count One of the indictment in 3:02CR62, and that the Guidelines equivalent of at least 500 grams but less than 5 kilograms of cocaine was reasonably foreseeable to the defendant as a result of his participation in the offense charged in Count One of the superseding indictment in 3:01CR224, and are the quantities commensurate with his criminal activity which forms the basis of the violations charged in the indictments and the relevant conduct of the defendant.  U.S.S.G. § 1B1.3, app. note 1.  In addition, the parties stipulate and agree that as to the charges contained in each of the three referenced indictments the defendant was an organizer or leader of a criminal activity that involved five or more participants and was otherwise extensive pursuant to U.S.S.G. § 3B1.1(a).  The parties understand and agree that this stipulation is based on information known to the Government from sources other than any debriefing of the defendant.   The defendant expressly understands that this stipulation and agreement are not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

The defendant expressly understands that the Court is not bound by this agreement.  The defendant further expressly understands that he will not be permitted to withdraw the pleas of guilty if the Court imposes a sentence based on different narcotics attributions or other aggravating facts.

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 5*

iv. Guideline Stipulation

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 168 to 210 months of imprisonment and a fine range of $20,000 to $4,000,000. The base offense level under U.S.S.G. § 2D1.1(c)(3) is 34. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, and four levels are added for role in the offense under U.S.S.G. § 3B1.1 as noted above, resulting in a total offense level of 35. A total offense level 35 with a criminal history category I, in which the parties calculate the defendant to be, results in a range of 168 to 210 months of imprisonment (sentencing table) and a fine range of $20,000 to $4,000,000 (U.S.S.G. § 5E1.2(c)(3)).

The parties agree that neither a downward nor an upward departure from the sentencing range set forth above is warranted, absent a motion from the Government. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein except as may be provided for in this agreement. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the pleas of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

v.      Waiver of Right to Appeal
or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his convictions and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the convictions or sentence of imprisonment imposed by the Court if that sentence does not exceed 210 months, a lifetime term of supervised release, and a fine of $4,000,000 even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 6*

Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the pleas of guilty are accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the convictions following defendant's pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 7*

physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the cases.

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from these pleas of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant acknowledges that he may be subject to deportation or removal from the United States as a consequence of his convictions, as well as exclusion from admission or readmission to the United States. The defendant

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 8*

understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his convictions.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the indictments in these cases

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his pleas of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/ HGH
H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its

*David J. Goldstein, Esq.*
*March 9, 2007*
*Page 9*


attachment(s) with counsel and that he fully understands and accepts its terms.


_____/s/_____          _____
FAUSTO CANDELARIO                          Date
The Defendant


     I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____/s/_____     ___     _____
DAVID J. GOLDSTEIN, ESQ.                    Date
Attorney for the Defendant